IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ROGER ROBINSON,**

        Plaintiff

v.

**INVACARE CORPORATION, an Ohio corporation,**

        Defendant.

No. 3:15-cv-00415-MO

OPINION AND ORDER

**MOSMAN, J.**,

This matter comes before me on Invacare's Motion for Imposition of Sanctions [39]. For the reasons set forth below, I DENY the Motion.

## BACKGROUND

On August 31, 2016, I held a telephone status conference [38] to resolve a discovery dispute between the parties regarding case deadlines. During the conference, I extended the relevant discovery and pretrial deadlines, which included a deadline of December 3, 2016, for Mr. Robinson to make his expert disclosures and provide expert reports. Although Mr. Robinson provided Invacare with a "progress report" on December 29, 2016, he has yet to make any expert disclosures or provide expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2). As such, Invacare asks me to prohibit Mr. Robinson from using any expert witness in this case as a sanction for his failure to comply with the deadline.

1 – OPINION AND ORDER

Mr. Robinson admits he has not made the required expert disclosures. He claims he is committed to obtaining and providing expert reports, but he has had trouble retaining experts due to limited financial resources. As of this writing, however, Mr. Robinson has retained two experts – Dr. Nathan Kemalyan and Tom Fries – to serve as experts in his case. Mr. Robinson also asserts that he expects to be able to provide his expert reports within the "near future."

## LEGAL STANDARD

A party that fails to "provide information or identify a witness as required by Rule 26(a) . . . is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This includes instances in which parties have failed to make the proper disclosures and provide the necessary reports in a timely manner. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105-06 (9th Cir. 2001) (affirming the district court's decision to exclude evidence from the defendant's damages expert). A district court's decision regarding sanctions is reviewed for an abuse of discretion. *See Yeti by Molly*, 259 F.3d at 1105.

## DISCUSSION

### I.    Whether Mr. Robinson's Non-Compliance Is Substantially Justified

There is no dispute that Mr. Robinson failed to make his expert disclosures in accordance with Rule 26(a)(2) by the December 3, 2016 deadline. However, I find his non-compliance to be substantially justified.

Following the incident giving rise to this case, Mr. Robinson received virtually all of his medical care from the Veterans Administration ("VA") in the Portland and Seattle areas. He asserts that he has been unsuccessful in obtaining reports from VA doctors and, therefore, has

had to search for non-treating experts to review his medical records and write reports. Because of his limited financial resources, this has been a difficult task.

Invacare points out that Mr. Robinson's present reason for delay is the same as the one he gave prior to the August 31, 2016 status conference for refusing to agree to a date by which to make expert disclosures. The fact that the reason is the same, however, does not make it any less genuine. A lack of financial resources presents a serious limitation on a party's ability to advance its case in an effective and predictable way. Thus, it is reasonable that a person on a limited budget might struggle to meet all relevant deadlines, especially those dealing with retaining experts.

This does not mean that Mr. Robinson did not need to comply with the deadline I set at the August 31, 2016 hearing. Indeed, he should have filed a motion to extend the deadlines, rather than simply send a "progress report" to Invacare. Still, Mr. Robinson's failure to comply with the expert disclosure deadline was substantially justified and does not warrant the significant sanction of prohibiting expert testimony on his behalf.

## II.     Whether Mr. Robinson's Non-Compliance Is Harmless

Even if not substantially justified, Mr. Robinson's failure to meet the expert disclosure deadline is harmless. In its Motion, Invacare argues Mr. Robinson's failure is not harmless because it caused Invacare to incur additional legal fees in determining how to respond to the non-compliance. I find this reason unconvincing. I do not doubt that Invacare incurred some legal fees in having its counsel respond to Mr. Robinson's non-compliance. But filing a three-page Motion for Sanctions [39] and a Motion for Extension of Time [41] regarding other case deadlines hardly seems significant enough to justify imposing sanctions on Mr. Robinson. Furthermore, the noncompliance does not affect Invacare's ability to file rebuttal expert

disclosures and dispositive motions. *Cf. James v. Or. Sandblasting & Coating, Inc.*, No. 3:15-cv-01706-HZ, 2016 WL 7107227, at *5 (D. Or. Dec. 4, 2016) (noting that the plaintiff's untimely disclosure was not harmless because it was made after the close of discovery). Likewise, the noncompliance does not affect any trial, as a trial date for this matter has not yet been set. *Cf. Yeti by Molly*, 259 at 1107 (noting that the plaintiffs received the defendant's untimely report "one month before they were to litigate a complex case").

## CONCLUSION

For the reasons set forth above, I DENY Invacare's Motion for Imposition of Sanctions. That said, Mr. Robinson cannot simply ignore case deadlines and make his expert disclosures at his own convenience, even if he is on a "limited budget." Mr. Robinson represents that he has retained two experts who should be able to provide reports "in the near future." Thus, I extend the deadline for Mr. Robinson to make expert disclosures and provide expert reports to April 24, 2017. Invacare's rebuttal expert disclosures and reports are due May 1, 2017, and dispositive motions are due May 15, 2017. Additionally, Mr. Robinson is advised that if he does not make the necessary disclosures in accordance with Rule 26(a)(2) by April 24, 2017, I may impose the sanction that Invacare now seeks.

IT IS SO ORDERED.

DATED this __22nd__ day of March, 2017.

/s/ Michael W. Mosman\
MICHAEL W. MOSMAN\
Chief United States District Judge